SCANNED at LSP and Emailed
11-4-19 by DF . 4 pages
date     initials   No.

RECEIVED
NOV 04 2019
Legal Programs Department

A COMPLAINT UNDER THE CIVIL RIGHTS ACT,
42 U.S.C. § 1983

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

_Todd H. Mercer_  
Plaintiff

_526861_  
Inmate Number

VERSUS

_Sec. James LeBlanc - DOC_  
_Warden Darrel Vannoy - Angola_

(Enter above the full name of each
defendant in this action.)

Electronic Filing Pilot Program

In accordance with the Procedural Rules for Electronic Filing Pilot Project, General Order 2012-01, inmates who reside in or are transferred into Louisiana Department of Corrections facilities participating in the Electronic Filing Pilot Program shall receive orders, notices and judgments by Notice of Electronic Filing ("NEF").

Instructions for Filing Complaint by Prisoners
Under the Civil Rights Act, 42 U.S.C. § 1983.

The names of **all parties** must be listed in the caption and in part III of the complaint **exactly the same**.

In order for this complaint to be filed, it must be accompanied by the filing fee of $400.00. In addition, the United States Marshal will require you to pay the cost of serving the complaint on each of the defendants.

If you are unable to pre-pay the filing fee and service costs, you may petition the court to proceed in forma pauperis. You must sign the affidavit, and obtain the signature of an authorized officer certifying the amount of money in your inmate account. If pauper status is granted, you will be required to pay an initial partial filing fee and thereafter, prison officials shall be ordered to forward monthly payments from your inmate account until the entire filing fee is paid.

You will note that you are required to give facts. THIS COMPLAINT SHOULD NOT CONTAIN LEGAL ARGUMENTS OR CITATIONS. ALSO, DO NOT INCLUDE EXHIBITS.

Submit the complaint and pauper affidavit to the Clerk of the United States District Court for the Middle District of Louisiana, 777 Florida Street, Suite 139, Baton Rouge, La. 70801-1712.

I. Previous Lawsuits

A. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to your imprisonment? Yes (✓) No ( )

B. If your answer to A is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

1. Parties to this previous lawsuit
   Plaintiff(s): Todd H. Mercer
   Defendant(s): Dr. Soong, Dr. Macmurdo, Herman Hal, Curtis Thurman, Ivy Muller, Juson Kent, Christine Hutchison, James Devall

2. Court (if federal court, name the district; if state court, name the parish):
   Middle Dist. Baton Rouge Division

3. Docket number: 3:19-cv-442

4. Name of judge to whom case was assigned: Chief Judge Shelly Dick

5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?):
   pending

6. Date of filing lawsuit: 7-2-2019
7. Date of disposition: pending

C. Have you had any previously filed federal lawsuits or appeals, whether or not related to the issues raised in this complaint, dismissed by any federal court as frivolous, malicious, or for failure to state a claim for which relief can be granted?
   Yes (✓)   No ( )

If your answer is yes, list the civil action numbers and the disposition of each case. You must identify in which federal district or appellate court the action was brought.
5:16-cv-670 Western Dist. Shreveport Division

II. Place of present confinement: La. State Prison, Angola, La. 70712

A. Is there a prisoner grievance procedure in this institution?
Yes (✓) No ( )

B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
Yes (✓) No ( )

C. If your answer is Yes:

1. Identify the administrative grievance procedure number(s) in which the claims raised in this complaint were addressed. LSP-2019-2550

2. What steps did you take? Step One

3. What was the result? Please see Attached Section II 3.

D. If your answer is No, explain why not: N/A

III. Parties
(In Item A below, place your name in the first blank and place your present address in the second blank. Do the same for additional plaintiffs, if any.)

A. Name of plaintiff(s) Todd H. Mercer
Address La. State Prison Wal-4, Angola, La. 70712

In Item B below, place the full name of the defendant in the first blank, his official position in the second blank, and his place of employment in the third blank. Use Item C for the names, positions, and places of employment of any additional defendants.

B. Defendant _Sec. Aames LeBlanc_ is employed as _Secretary of La. Dept. of Corrections_ at _DOC Headquaters Baton Rouge, La._

C. Additional Defendants: _Warden Darrel Vannoy - Head Warden at La. State Prison Angola, La._

IV. Statement of Claim

State here as briefly as possible the facts of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. **Do not given any legal arguments or cite any cases or statutes.** If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

On December 3, 2014, in the 1st Judicial Dist. Court of Caddo Parish, Judge Romona Emanuel Ordered that I be given credit for 119 days time served towards my 5 year sentence. This is reflected in the Court Minutes of that sentence, and also reflected on the Time Calculation Sheet provided to me by the Dept. of Corrections, but those amount of days were never deducted off my sentence by DOC. My release date should have been October 10, 2019, yet DOC has my release date listed as February 5, 2020. This is 119 days past what it should be. I contend that I am being held unlawfully and illegally by the Dept. of Corrections, and have served my full sentence as Ordered by the sentencing Court. This is cruel and unusual and deliberate indifference on behalf of these named defendants who have been made aware, but continue to hold me illegally past my release. Both named defendants are responsible for this impediment and violation of my right to already be released, and both have already been made aware.

V. Relief

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes. Attach no exhibits. $1,000 dollars per day, for mental anguish and cruel and unusual of illegal holding past release date, from October 10, 2019, plus all social security disability benefits payments missed for each month starting with October 2019 through February 2020, which totals approximately $1,000 dollars per month.

VI. Plaintiff's Declaration

1. I understand that I am prohibited from bringing a civil action in forma pauperis if, while I was incarcerated or detained in any facility, I have brought three or more civil actions or appeals in a court of the United States that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted, unless I am in imminent danger of serious physical injury.

2. I understand that even if I am allowed to proceed in forma pauperis, I am responsible for paying the entire filing fee and any costs assessed by the Court, which, after payment of the partial initial filing fee, shall be deducted from my inmate account by my custodian in installment payments as prescribed by law.

3. I understand that if I am released or transferred, it is my responsibility to keep the Court informed of my whereabouts and failure to do so may result in this action being dismissed with prejudice.

4. I consent to receive orders, notices and judgments by Notice of Electronic Filing.

Signed this __4th__ day of __November__, 20_19_.

_Todd H. Mercer_
_Todd H. Mercer_
Signature of plaintiff(s)

page 1

## Attachment To Section II 3.

In accordance with this facility's Remedy Procedure, these officials have 45 days in which to answer the Step One process. I currently have 4 ARP's in the system at this facility, and the ARP which surrounds this cause of action with my Complaint was the last ARP I filed. They will answer the previous ARP's in chronological order as they have informed me at the Step One level. Then depending on a satisfactory answer or not, there could be the need to move to Step Two, which would be another 45 days before exhaustion.

With me already being past what should be my release date at this point, and the release date which DOC has listed being 90 days away, to wait for exhaustion on each of these 4 ARP's in the system, would be an unwarrented impediment forced on me by this facility and the state. I would already be released by the onset of exhaustion of these ARP's, at which time their duty to answer at all would be voided completely.

The following statement is verbatim the statement which was provided to me by these officials at Angola concerning my ARP:

"The Administrative Remedy Procedure for adult inmates allows for the backlogging of multiple request, therefore, your first request will be accepted and handled. The others will be logged and set aside for handling at such time as the current request in the system has been exhausted at 2nd step, or your time limits have elapsed at Step 1. Your current ARP's are in the system. The ARP received today, case # LSP-2019-2580, will be processed following the above guidelines. If you wish to have this ARP handled immediately, you may withdraw all pending ARP's."

Due to the time sensitive issue of being past my release date, which should have been October 10, 2019, I'm already being held illegally without due process.

page 2

Attachment To Section II 3.

Furthermore, the other ARP's I have in the system all have to do with criticle medical emergency issues, and therefore, to withdraw those ARP's in order to have these officials address this illegal sentence, would be yet another facility and state imposed impediment concerning my urgent medical needs. Even if I did withdraw those ARP's, there is no garauntee their answer would be satisfactory, and then not only would have have to move to Step Two, but then also have to restart the ARP's concerning medical issues.

The time served jail credit of 119 days is a part of the Court's record when Ordered by my District Judge upon sentencing me, and DOC and Angola Prison are in contempt of that Order. They are trying to force me to chose between my release and my immediate health issues which need to be adequately delt with. I'm entitled to receive both, because they are obligated by law to provide both. Useing their designed remedy exhaustion is an absolute impediment either way I chose.

Both named defendants are responsible for this impediment, and the violation of my rights, and both have been made aware.